**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL BROCATO** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 12-1402** |
| **UNITED STATES POSTAL SERVICE, et al.** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

In this matter, Plaintiff Daniel Brocato ("Plaintiff") brings suit against Defendants the United States Postal Service, Matthew McFall, Wayne Martin, Jr., and Glen Gordon ("Defendants"), alleging that he was wrongfully terminated from his job at the U.S. Postal Service. Before the Court is Defendants' "Motion to Dismiss," wherein Defendants request that the Court dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 15(c)(1)(C), due to Plaintiff's untimely exhaustion of the requisite administrative remedy, untimely initiation of suit, and failure to name the correct defendant.[1] Having considered the pending motion, the lack of opposition, and the applicable law, the Court will grant the motion.

**I. Background**

Plaintiff Daniel Brocato was previously employed as a City Letter Carrier at the U.S. Postal Service office in Metairie, Louisiana.[2] He worked for the U.S. Postal Service for twenty-four years before being removed on November 26, 2010.[3]

On October 26, 2010, Wayne Martin, Station Manager, Customer Service at the U.S. Postal Service Park Manor Carrier Station, sent Plaintiff a "Notice of Proposed Removal," informing

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 28-1 at p. 2.

[3] Rec. Doc. 28-4, Letter from Matthew McFall to Daniel Brocato, dated Nov. 26, 2010, at p. 1.

Plaintiff that "it is proposed to remove you from the U.S. Postal Service effective no sooner than 30 calendar days from the date of your receipt of this letter.[4] The "Notice of Proposed Removal" charged Plaintiff with "unsatisfactory work performance, i.e., failure to complete assignment within scheduled time," and specially cited ten occasions between August 21, 2010 and October 9, 2010 on which Plaintiff had worked units of unauthorized overtime.[5] According to the "Notice of Proposed Removal," Mr. Martin had conducted two Investigative Interviews with Plaintiff on September 30, 2010, and October 20, 2010 regarding his unsatisfactory work performance.[6] Additionally, the "Notice of Proposed Removal" indicated that Plaintiff had received a "Letter of Warning" in January 2010, a seven-day suspension in March 2010, and a fourteen-day suspension in August 2010, all for "failure to complete assignment with scheduled time."[7] Finally, the "Notice of Proposed Removal" instructed that Plaintiff or his representative had ten days from receipt of the letter to answer the proposed removal and to provide affidavits or other materials.[8]

On November 26, 2010, Matthew McFall, Postmaster, Customer Service in Metairie, Louisiana, mailed Plaintiff a "Letter of Decision," stating that Plaintiff would be removed from his position as a letter carrier effective close of business November 26, 2010.[9] The "Letter of Decision" noted that the U.S. Postal Service had not been contacted by Plaintiff or anyone acting on Plaintiff's

---

[4] Rec. Doc. 28-3, Letter from Wayne Martin to Daniel Brocato, dated Oct. 20, 2010, at p. 1.

[5] *Id.*

[6] *Id.* at p. 2.

[7] *Id.* at pp. 4–5.

[8] *Id.* at p. 5.

[9] Rec. Doc. 28-4, Letter from Matthew McFall to Daniel Brocato, dated Nov. 26, 2010, at p. 2.

2

behalf following the "Notice of Proposed Removal."[10] Further, the "Letter of Decision" provided Plaintiff with instructions for appealing the decision to the U.S. Merit Systems Protection Board ("MSPB") or filing an Equal Employment Opportunity ("EEO") complaint.[11] With respect to the EEO complaint process, the "Letter of Decision" stated:

> If you believe that the action is based, in whole or in part, on discrimination you have the option of filing an appeal with the MSPB or filing an EEO complaint with the Postal Service, but not both. Before filing an EEO complaint, you must bring the matter to EEO, U.S. Postal Service, P.O. Box. 51178, New Orleans, LA 70151-1178, (504) 589-1310, within 45 calendar days of the effective date of this decision. The EEO complaint will be processed pursuant to the appropriate regulations (29 CFR Section 1614.302 through 1614.310). You are not entitled to a hearing by the Equal Employment Opportunity Commission (EEOC). You may, however, request a hearing by the MSPB after the Postal Service has rendered a decision on your EEO complaint or after 120 calendar days from filing your complaint, whichever occurs first.[12]

Following his removal, Plaintiff pursued arbitration against the U.S. Postal Service through his union's collective bargaining grievance procedures.[13] On June 3, 2011, the arbitrator denied Plaintiff's grievance and affirmed his removal, finding that "[t]he Postal Service has borne its burden to prove that the Notice of Proposed Removal issued to Grievant Daniel Brocato on October 20, 2010 was issued for just cause and does not violate any provisions of the collective bargaining agreement."[14]

---

[10] *Id.* at p. 1.

[11] *Id.* at pp. 2–3.

[12] *Id.* at p. 3.

[13] Rec. Doc. 28-1 at p. 3; *see also* Rec. Doc. 28-5, In the Matter of the Arbitration between the United States Postal Service and the National Association of Letter Carriers, AFL-CIO, NALC Case No. DRT 08-186660.

[14] Rec. Doc. 28-5, In the Matter of the Arbitration between the United States Postal Service and the National Association of Letter Carriers, AFL-CIO, NALC Case No. DRT 08-186660, at p. 1.

On June 17, 2011, Plaintiff contacted an EEO counselor to initiate a complaint.[15] The EEO counselor conducted an initial interview on July 21, 2011, and on August 2, 2011, provided Plaintiff notice of his right to file an EEO complaint.[16] On August 8, 2011, Plaintiff filed an "EEO Complaint of Discrimination in the Postal Service," alleging that he was "harass[ed] on a daily basis."[17] Specifically, Plaintiff represented: "I have physical and mental disabilities, I also lost my mother (this is when it started) and had an ex gf steal and pawn my stuff for drugs. Since the loss of my mother, I also take care of my father every day."[18] On September 12, 2011, Plaintiff received a request for an affidavit from an EEO contract investigator, indicating that "[t]he regulations of the Equal Employment Opportunity Commission (EEOC) provide that you must return your affidavit within 15 days of receipt, or your complaint may be dismissed."[19]

Plaintiff never responded to the request for affidavit, and on November 14, 2011, his complaint was dismissed.[20] The decision dismissing Plaintiff's complaint instructed Plaintiff that "you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision."[21] The decision also indicated that "[i]f you choose to file a civil action, that

---

[15] Rec. Doc. 28-6, EEO Dispute Resolution Specialists (DRS) Inquiry Report, dated Aug. 25, 2011, at p. 1.

[16] *Id.*

[17] Rec. Doc. 28-7, EEO Complaint of Discrimination in the Postal Service, at p. 1; *see also* Rec. Doc. 28-8, United States Postal Service Equal Opportunity Case, In the Matter of Daniel C. Brocato v. Patrick R. Donahoe, Agency Case Number 4G-700-0149-11, Dismissal of Formal EEO Complaint—Mixed Case, at p. 1 (indicating that Plaintiff filed his EEO complaint on August 8, 2011).

[18] *Id.*

[19] Rec. Doc. 28-8, United States Postal Service Equal Opportunity Case, In the Matter of Daniel C. Brocato v. Patrick R. Donahoe, Agency Case Number 4G-700-0149-11, Dismissal of Formal EEO Complaint—Mixed Case, at p. 2.

[20] *Id.* at p. 1.

[21] *Id.* at p. 3.

4

action should be captioned Daniel Brocato vs. Patrick R. Donahoe, Postmaster General, U.S. Postal Service."[22]

Plaintiff filed the complaint in the above-captioned matter on June 4, 2012.[23] On October 23, 2013, Defendants filed the pending "Motion to Dismiss."[24] Plaintiff has not filed any opposition.

## II. Parties' Arguments

### A.    Defendants' Arguments in Support

In support of the pending motion, Defendants first contend that the Court lacks subject matter jurisdiction because Plaintiff's complaint is untimely.[25] According to Defendant, "[a] federal employee who has exhausted a formal EEO complaint of discrimination may then file a civil action in district court <u>within 90 days</u> of the date on which he receives the final decision on an appeal."[26] Defendants aver that "[b]ecause more than 90 days had passed before Plaintiff filed this civil action, this lawsuit should be dismissed for failure to comply with the 90-day limitations period of 42 U.S.C. § 2000e-16(c)."[27]

Second, Defendants argue that Plaintiff did not timely exhaust his EEO claim.[28] Defendants point to 29 C.F.R. § 1614.105, which provides

> (a)    Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must

---

[22] *Id.*

[23] Rec. Doc. 1.

[24] Rec. Doc. 28.

[25] Rec. Doc. 28-1 at pp. 7–9.

[26] *Id.* at p. 8 (citing 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407) (emphasis in original).

[27] *Id.* at p. 9.

[28] *Id.* at p. 9.

5

>   consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
>   (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

According to Defendants, "[i]n the case at bar, Brocato knew on November 26, 2010 courtesy of the Letter of Decision that his removal could, *inter alia*, be pursued as an EEO claim provided that he make contact with an EEO Counselor with (sic.) 45 days."[29] Defendants assert that "[i]nstead, Plaintiff appealed his removal through the grievance/arbitration process provided to bargaining unit employees at the USPS," and did not bring an EEO complaint until after he was unsuccessful in the grievance process.[30] Defendants maintain that "under Fifth Circuit precedent, [Plaintiff's] act of pursuing his removal through the grievance/arbitration process did not toll the 45 day period for him to initiate contact with an EEO counselor."[31]

Third, Defendants contend that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to fully exhaust his administrative remedies.[32] Defendants aver that "exhaustion" requires "good faith participation in the administrative process."[33] According to Defendants, in *Barnes v. Levitt*, the Fifth Circuit held that "a plaintiff does not exhaust administrative remedies if he fails to respond to a valid and necessary request to make a generalized

---

[29] *Id.* at p. 12.

[30] *Id.*

[31] *Id.* (citing *Maddox v. Runyon*, 139 F.3d 1017, 1020–21 (5th Cir. 1998)).

[32] *Id.* at p. 13.

[33] *Id.* (quoting *Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990)).

complaint more specific."[34] Defendants assert that in this matter, Plaintiff's complaint should be dismissed "because of his complete and utter failure to provide an affidavit to the EEO investigator precluding the Agency from being able to evaluate the merits of his discrimination complaint."

Finally, Defendants argue that "the sole correct defendant in a federal sector employment discrimination complaint is 'the head of the department, agency, or unit, as appropriate.'"[35] According to Defendants, "the complaint names the USPS and Mssrs. McFall, Martin and Gordon, Plaintiff's former management chain, but fails to name the Postmaster General."[36] "Thus, the Agency and the managers must be dismissed as defendants."[37]

### B.    Plaintiff's Arguments in Opposition

Plaintiff has not filed any opposition to the pending motion.

## III. Law and Analysis

### A.    Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[38] To clearly waive the Federal Government's sovereign immunity, the waiver "must be unequivocally expressed in statutory text."[39] Under 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614.105(a), a federal

---

[34] *Id.*

[35] *Id.* at p. 14 (quoting 42 U.S.C. § 2000e-16(c)).

[36] *Id.* at p. 15.

[37] *Id.*

[38] *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (internal quotation marks and alterations omitted).

[39] *Lane v. Pena*, 518 U.S. 187, 192 (1996).

7

employee may bring discrimination claims to a federal district court if the employee has timely filed his complaints with the EEO division of his agency and has exhausted all administrative remedies. If a federal employee has not timely exhausted all administrative remedies, the employee's claim must be dismissed under Federal Rule fo Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[40]

## B. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[41] The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.[42] Dismissal for lack of subject matter jurisdiction may be made on any one of three separate bases: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[43] Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed and undisputed facts in the record.[44] However, the court accepts all factual allegations in the plaintiff's complaint as true.[45]

---

[40] *Fitzgerald v. Sec. of U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997) (explaining that a federal employee's exhaustion of administrative remedies is "an absolute prerequisite" to filing suit); *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992) ("Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling,")

[41] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[42] *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001).

[43] *Den Norske Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002).

[44] *See id.*

[45] *Id.*

8

**C.      Administrative Exhaustion and Timely Filing Requirements**

Although Plaintiff does not indicate the specific statutory basis of his claims, in his complaint he indicates that he is a "disabled veteran with mental and physical problems," including "PTSD, heart trouble, leg blockages, diabetes, stress, and financial burdens et al."[46] Thus, it appears that Plaintiff brings this suit pursuant to the Rehabilitation Act, which is the exclusive remedy for a federal employee's disability discrimination claims.[47] As the Fifth Circuit explained in *Prewitt v. United States Postal Service*, a plaintiff bringing a private right of action pursuant to the Rehabilitation Act is "subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act."[48]

Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), permits most federal employees to seek relief from proscribed discriminatory employment practices by filing suit in federal district court.[49] "As a precondition to seeking this judicial relief, however, complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency."[50] Under 29 C.F.R. § 1614.105(a), an aggrieved party who seeks to file a disability discrimination claim must contact an EEO counselor prior to filing a complaint, either within 45 days of the alleged discriminatory incident, or within 45 days of the date of a personnel action. Thereafter, a complainant must file a complaint of discrimination with the EEO

---

[46] Rec. Doc. 1, at pp. 1–2.

[47] *Prewitt v. U.S. Postal Serv.*, 62 F.2d 292, 304 (5th Cir. 1981); *see also Burke v. Frank*, 8 F.3d 21, at *1 (5th Cir. 1993) (unpublished).

[48] *Prewitt*, 62 F.2d at 304.

[49] *Pacheco v. Mineta*, 448 F.3d 783, 787–88 (5th Cir. 2006); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33 (1976) ("Initially the complainant must seek relief in the agency that has allegedly discriminated against him.").

[50] *Pachecco*, 448 F.2d at 788.

counselor.[51] Once a complaint has been filed, a complainant must cooperate in the administrative proceedings, and "plaintiffs who resort to the administrative process but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies."[52] As the Fifth Circuit explained in *Barnes v. Levitt*, "[i]f the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either."[53]

Following a final action or decision by the employing agency, under 42 U.S.C. § 2000e-16(c) a complainant has the right to file a civil action in federal district court within 90 days of the receipt of the final agency decision, or 180 days after the filing of the complaint of discrimination.

In this case, Plaintiff was removed from his position as a letter carrier on November 26, 2010.[54] Accordingly, pursuant to 29 C.F.R. § 1614.105(a), Plaintiff then had 45 days to contact an EEO counselor. Plaintiff, however, did not contact an EEO counselor until June 17, 2011—almost seven months after he was removed. Although Plaintiff pursued grievance procedures through his union, in *Maddox v. Runyon*, the Fifth Circuit held that EEO actions are not deferred while a complainant pursues grievance remedies specified in a collective bargaining agreement.[55]

In addition to contacting an EEO counselor in an untimely manner, Plaintiff also failed to cooperate with the administrative proceedings by not providing an affidavit. Under the Fifth

---

[51] 29 C.F.R. § 1614.105(d).

[52] *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997); *see also Johnson v. Bergland*, 614 F.2d 415, 416 (5th Cir. 1980).

[53] *Barnes*, 118 F.3d at 408.

[54] Rec. Doc. 28-4, Letter from Matthew McFall to Daniel Brocato, dated Nov. 26, 2010, at p. 1.

[55] *Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 (1974) (noting that rights under a collective bargaining agreement and rights under federal statute have "legally independent origins").

Circuit's holding in *Barnes v. Levitt*, such a failure to cooperate constitutes a failure to exhaust administrative remedies.

Finally, Plaintiff was untimely in his filing of this suit. The Postal Service dismissed Plaintiff's EEO complaint on November 14, 2011.[56] Accordingly, pursuant to 42 U.S.C. § 2000e-16(c), Plaintiff then had 90 days to file suit in federal district court. Plaintiff, however, did not file suit until June 4, 2012—more than six and a half months later.

### IV. Conclusion

As the Supreme Court explained in *Hercules, Inc. v. United States*, the federal government "is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[57] In the context of the Rehabilitation Act, which is a federal employee's exclusive remedy for discrimination on the basis of a disability, a plaintiff is "subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act."[58] Considering that in this case, Plaintiff failed to comply with the 45-day deadline for contacting an EEO counselor, to cooperate with the agency's request for an affidavit, and to meet the 90-day deadline for filing suit in federal court, this Court lacks subject matter jurisdiction over Plaintiff's claim.[59] Accordingly,

---

[56] Rec. Doc. 28-8, United States Postal Service Equal Opportunity Case, In the Matter of Daniel C. Brocato v. Patrick R. Donahoe, Agency Case Number 4G-700-0149-11, Dismissal of Formal EEO Complaint—Mixed Case, at p. 3.

[57] *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (internal quotation marks and alterations omitted).

[58] *Prewitt*, 62 F.2d at 304.

[59] The Court does not address Plaintiff's alleged failure to name the proper parties, as this issue is moot in light of the Court's findings.

**IT IS HEREBY ORDERED** that the Defendants' "Motion to Dismiss"[60] is **GRANTED** and that Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this  21st   day of May. 2014.

*[signature: Nannette Jolivette Brown]*

         **NANNETTE JOLIVETTE BROWN**
         **UNITED STATES DISTRICT JUDGE**

---

[60] Rec. Doc. 28.